UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRED SAMUEL BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:08-CV-70 |
| | ) | |
| UNIVERSITY OF NOTRE DAME, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court for resolution of the Motion to Strike Plaintiff's Amended Complaint ("motion to strike") filed by Defendant University of Notre Dame ("Notre Dame") on August 14, 2008. Docket at 21. Plaintiff Fred Samuel Blake ("Blake") filed a response in opposition to the motion on August 25, 2008. Docket at 23. Counsel for Notre Dame informed the Office of the Clerk of this Court that no reply brief would be filed. Therefore, the motion to strike is ripe for resolution. For the reasons discussed herein, the motion is **DENIED**.

**DISCUSSION**

Blake, who is proceeding *pro se*, initiated this action by filing his original Complaint on February 11, 2008, in which he alleged that Notre Dame, his former employer, discriminated against him in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Rehabilitation Act, and Section 1981 of Title 42. Complaint, Docket at 1, pp. 1-2. Notre Dame filed an Answer to the Complaint on March 12, 2008. Docket at 7. The underlying facts of this case are not relevant to the pending motion to strike and the court will dispense with a recitation of those facts.

On May 20, 2008, Blake filed a Motion to Amend Pleading, asking the court for permission to file an Amended Complaint. Docket at 14. In his motion to amend, Blake asked "for time to file amended pleading date to include July 31, 2008." *Id.*, p. 1. On May 27, 2008, Magistrate Judge Christopher A. Nuechterlein, to whom this case was on partial referral, entered a Scheduling Order in this case.[1] Docket at 16. In his Scheduling Order, the Magistrate Judge granted Blake's motion to amend his Complaint and set a deadline of July 25, 2008, for either party to file amendments to the pleadings without leave of court. Scheduling Order, p. 2. Blake eventually filed his Amended Complaint on August 12, 2008. Docket at 20.

Notre Dame filed the present motion asking the Court to strike Blake's Amended Complaint from the record since it was filed "18 days late" (i.e., 18 days after the deadline set forth in the Scheduling Order). Motion to Strike, p. 1. Notre Dame argues that, notwithstanding his *pro se* status, Blake must nonetheless comply with all applicable procedural rules and orders of this Court. *Id*. In support of its motion to strike, Notre Dame cites to and quotes from the case of *Myles v. United States of America*, 416 F.3d 551 (7th Cir. 2005), wherein the Seventh Circuit held that procedural rules in civil cases apply to *pro se* litigants just as they do to parties who are represented by counsel. *Id*.

In his response in opposition to the motion to strike, Blake acknowledges that the Court had set a deadline of July 25, 2008, for the filing of amended pleadings, but states that he "was

---

[1] On August 22, 2008, Magistrate Judge Nuechterlein recused himself from this case and an Order of Recusal was entered. Docket at 22. On August 25, 2008, this Court entered an Order referring this case to Magistrate Judge Roger B. Cosbey for resolution of all non-dispositive matters. Docket at 24. The present motion is being addressed by the undersigned, rather than the Magistrate Judge, because if the motion to strike was granted, it could (at least arguably) serve to preclude certain claims asserted by Blake. It turns out, as discussed below, that the Amended Complaint does not appear to add new claims to this case.

2

unable to comply until 8/12/2008." Plaintiff's Response, p. 1. Blake also states in his response that Notre Dame has served him with discovery requests, including interrogatories and requests for production of documents. *Id.* Blake argues that "the pace of which the defense is currently proceeding undermines the Pro Se plaintiff's rights to adequately research and prepare a proper cause of action." *Id.* Apparently, then, Blake is experiencing what many *pro se* litigants experience–that it is very difficult to proceed with litigation in federal court (or any court for that matter) without the assistance of counsel. In any event, while Blake does not expressly say so, it appears that he is arguing that he was unable to comply with the July 25 deadline for amended pleadings because he was burdened with trying to answer Notre Dame's discovery requests and "research and prepare" his own case. Blake's response also implies (or at least the court infers) that his tardiness in filing his Amended Complaint was not the result of a lack of diligence on his part nor was it an attempt to delay the proceedings or prejudice the defense. In fact, the Court notes that Notre Dame does not even allege in its motion to strike that it has experienced any sort of prejudice from the delay or that it will somehow suffer prejudice from this point forward. Even assuming that Blake's Amended Complaint necessitates additional discovery, the Court notes that the discovery deadline in this case is December 5, 2008, still some two and a half months away. Finally, the Court notes that no trial date or final pretrial hearing date has been set in this case. Accordingly, it is difficult for the Court to see how permitting Blake's Amended Complaint to stand as filed would cause any undue hardship or prejudice to Notre Dame.

Finally, the Court has reviewed both the original Complaint and the recently filed Amended Complaint filed by Blake. The Court notes that the Amended Complaint does not appear to add any new claims or causes of action. Instead, the Amended Complaint only adds a

3

more detailed recitation of facts and allegations by Blake, and contains additional attachments. While this more detailed factual recitation may make it necessary for Notre Dame to serve additional discovery requests on Blake, there is no basis on which the Court can conclude that this would unduly burden the defense, especially since Notre Dame has not alleged or argued that it has suffered any undue hardship.

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed.R.Civ.P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.,* 347 F.3d 652, 655 (7th Cir. 2003). In the present case, the court does not believe that Blake's tardiness in filing an Amended Complaint (which he was previously given permission to file) was the result of undue delay, bad faith or dilatory motive. More importantly, Notre Dame does not make such allegations nor does it argue that it has been or would be prejudiced by the filing of the Amended Complaint. For these reasons, the court determines that justice requires that the amendment be permitted and the motion to strike denied.

Notwithstanding the Court's ruling on this specific motion, **the Court strongly cautions and warns Blake that he is expected to comply with any and all deadlines set in this case, whether those deadlines are imposed expressly by an order of this Court, by the Federal Rules of Civil Procedure or by this Court's Local Rules.** Defendant Notre Dame is correct when it points out in its motion that a Blake's *pro se* status does not relieve him of his duty and

obligation to comply will all applicable rules and deadlines in this case, and the Court does not intend to grant Blake a "free pass" to ignore such rules and deadlines simply because he is proceeding in this case without the assistance of counsel.

## CONCLUSION

For the reasons discussed herein, Defendant University of Notre Dame's Motion to Strike Plaintiff's Amended Complaint is **DENIED**.

Date: September 29, 2008.

                                                        /s/ William C. Lee
                                                              William C. Lee, Judge
                                                       United States District Court
                                                       Northern District of Indiana